## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** v. **QUENTALIN BROWN**, Defendant. | Case No. 7:12-CR-4 (HL) |

### ORDER

This case is before the Court on Defendant Quentalin Brown's motion for reconsideration. (Doc. 126). On January 30, 2015, the Court entered an Order denying Defendant's motion to compel his attorney, Nathaniel Haugabrook, to provide a duplicative copy of Defendant's case file free of charge. (Doc. 125). Defendant seeks review of the Court's prior ruling and suggests that there are additional materials, including electronic communications between Defendant's attorney and the United States Attorney's office and documents prepared by investigative agents to which Defendant has not been privy.

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Courts will grant reconsideration "only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that the new evidence has been discovered which was not previously available to the parties in the exercise of diligence, or (3) that the court made a clear error of law." McCoy v. Macon Water Authority,

966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997). "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)).

Defendant provides no legal basis for the Court to reconsider its decision. Rather, Defendant merely reasserts his argument that he is entitled to a copy of his entire client file, including anything filed by Mr. Haugabrook or obtained from investigators on Defendant's behalf by Mr. Haugabrook. The Court does not deny that Defendant has a right to a copy of his file; however, there is no authority for awarding copies of all of the documents requested by Defendant at no cost to Defendant. See Jackson v. Fla. Dep't of Fin. Servs., 479 Fed. App'x 289, 292-93 (11th Cir. 2012); see also Harless v. United States, 329 F.2d 397, 398-99 (5th Cir. 1964) ("The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record without prepayment therefor, for use in proposed or prospective litigation.").

Defendant has presented no evidence that Mr. Haugabrook has refused to provide Defendant with the information he seeks, only that counsel requests that Defendant absorb the cost of copying all of the documents requested. Mr. Haugabrook's expectation of payment is not unreasonable nor is it unauthorized. The Court notes that even if Defendant as a *pro se* litigant proceeding *in forma*

2

*pauperis* requested the same materials from the Clerk's office, that office also would assess a fee.

Defendant cites to no new evidence or change in the law to warrant reversal of the Court's original ruling. Nor has Defendant demonstrated that the Court made a clear error of law. Accordingly, Defendant's motion for reconsideration is denied.

**SO ORDERED** this 12th day of February, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks